**COMMONWEALTH of Pennsylvania,
Appellee**

v.

**James GREEN, Appellant.**

Superior Court of Pennsylvania.

Submitted May 1, 2007.
Filed July 12, 2007.

Karl Baker, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: TODD, J., McEWEN, P.J.E., and JOHNSON, J.

OPINION BY TODD, J.:

¶ 1 James Green appeals the December 8, 2005 judgment of sentence imposed by the Philadelphia Court of Common Pleas after he was convicted at a bench trial of retail theft.[1] We vacate and remand for resentencing.

¶ 2 On December 8, 2005, Green was convicted of the foregoing offense for stealing two bottles of Tylenol from a CVS store. At his sentencing that same day, Green's conviction was graded as a felony of the third degree due to two prior retail theft convictions stemming from an incident that occurred in 1999, when he stole four bottles of body wash from a CVS. Green was sentenced to 2 years probation, and thereafter filed a petition for reconsideration of his sentence, alleging that his conviction should have been graded as a misdemeanor of the second degree because his 1999 convictions for retail theft involved only one incident. Apparently, two complaints were generated in connection with the 1999 incident, one listing a simple assault charge against Green for striking a grandmother while fleeing the scene, and the other listing a simple assault charge against Green for also striking the woman's grandson in the process of fleeing. Even though the charge of retail theft was duplicated on each complaint, it is undisputed that there was only one incident of retail theft. Nonetheless, because Green pled guilty to the charges listed on both complaints, his record reflects that he has two retail theft convictions arising out of the 1999 incident. Ultimately, the trial court denied Green's petition to reconsider his sentence, and this appeal followed, wherein Green claims that the trial court erred in grading his retail theft offense as a felony of the third degree.

¶ 3 Essentially, Green challenges the legality of his sentence and claims that the trial court erred in grading his retail theft offense as a felony of the third degree under 18 Pa.C.S.A. § 3929(b)(iv)[2] because

1. 18 Pa.C.S.A. § 3929(a)(1).

2. Section 3929(b) provides, in pertinent part:
   **(b) Grading.—**

(1) Retail theft constitutes a:
      * * *

even though he technically had two prior convictions for retail theft on his record, the convictions involved the same incident and should only be considered a single "offense" for grading purposes under Section 3929. The Commonwealth agrees, noting that because Green's current retail theft offense is his second rather than third such offense, it should have been graded as a misdemeanor of the second degree. In its opinion filed pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, the trial court noted that, regardless of whether Green's prior convictions involved the same incident, the time to establish that those convictions were a single offense was during the proceedings in 1999, and by failing to do so, Green waived any challenge he may have to whether those convictions should now be considered one offense for grading purposes under Section 3929. We disagree.

¶ 4 Contrary to the trial court's conclusion in this case, our courts have examined a defendant's prior convictions at the time of sentencing to determine whether they constitute one or more offenses under a statutory enhancement provision. *See, e.g., Freundt v. Commonwealth Dept. of Transp.,* 584 Pa. 283, 290–91, 883 A.2d 503, 507–08 (2005) (in concluding that prior drug convictions constituted a single "offense" under the suspension of driving privileges section of the Vehicle Code, 75 Pa.C.S.A. § 1532(c), court examined prior convictions to determine whether they were part of a single criminal episode). Examining the prior convictions in this case, it is undisputed that they are duplicate convictions and thus we deem they

constitute just one offense under 18 Pa. C.S.A. § 3929(b)(1). Accordingly, we agree with Green and the Commonwealth that his current offense of retail theft should have been graded as a misdemeanor of the second degree.[3]

¶ 5 Finding that the trial court erred in grading Green's retail theft offense as a felony of the third degree, we vacate Green's judgment of sentence, and remand to the trial court for resentencing with instructions that Green's retail theft conviction be graded as a second-degree misdemeanor.

¶ 6 Judgment of sentence **VACATED.** Case **REMANDED** with instructions. Jurisdiction **RELINQUISHED.**

---

(ii) Misdemeanor of the second degree when the offense is a second offense and the value of the merchandise is less than $150.

* * *

(iv) Felony of the third degree when the offense is a third or subsequent offense, regardless of the value of the merchandise.

18 Pa.C.S.A. § 3929(b).

3. It is undisputed that the value of the stolen merchandise was less than $150. *See* 18 Pa. C.S.A. § 3929(b)(1)(ii).